**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHEILA ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 cv 167 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| VANITY FAIR BRANDS, LP, | ) |
| | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Plaintiff Sheila Rose filed a four Count Complaint against Vanity Fair Brands, LP, ("Vanity Fair") makers of Vassarette bras and intimate apparel. The complaint alleges that Ms. Rose developed breast cancer after wearing Vassarette bras during extended periods of exercise. She seeks damages based on strict product liability (design defect), breach of express and implied warranty, negligent design and manufacture, failure to warn, and a fourth claim purported to be strict liability, but sounds in negligence. Vanity Fair moves to dismiss the complaint pursuant to *Federal Rule of Civil Procedure* 12(b)(6) for failure to state a claim upon which relief can be granted. This Court heard oral argument on the motion on April 18, 2013. For the reasons stated herein, this Court grants the motion and dismisses the case with prejudice.

**Background**

The following facts are assumed true for purposes of resolving this motion. Ms. Rose resides in Kane County, Illinois. Vanity Fair is a Kentucky corporation with its principal place of business in Warren County, Kentucky. Vanity Fair manufactures women's clothing, including bras marketed under the Vassarette label. Ms. Rose purchased ten or more Vassarette bras between 2000 and 2005. In July 2005, Ms. Rose noticed a small change in her left breast and

1

was diagnosed with breast cancer in June 2012. She underwent breast cancer surgery in July 2012. According to Ms. Rose, the scar from the surgery "resembles the metal underwire in the left bra." Although the four-count complaint alleges different legal theories, all are premised on the allegation that the Vassarette underwire bra caused Ms. Rose's breast cancer.

**Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require the plaintiff to plead particularized facts, but the factual allegations in the complaint must be enough to raise a plausible right to relief above the speculative level. *See Arnett v. Webster*, 658 F. 742, 751-52 (7th Cir. 2011). In order to survive dismissal, plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). When ruling on a motion to dismiss, courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (7th Cir. 2004), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Vanity Fair moves to dismiss the complaint in its entirety for several deficiencies, the most problematic of which is the failure to plead any facts providing a causal correlation between Ms. Rose's cancer and Vanity Fair's bras. The requirements for each claim for relief are addressed in turn.[1]

*1. Strict Product Liability (Design Defect)*

To recover in a strict product liability action, a plaintiff must plead and prove: (1) that the

---

[1] Defendant Vanity Fair asserts that this Court need not engage in a conflicts of law analysis because Kentucky and Illinois law are virtually identical on these issues and plaintiff's complaint must be dismissed under either law.

injury complained of resulted from a condition of the product, (2) that the condition was unreasonably dangerous, and (3) that it existed at the time the product left the manufacturer's control. *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 525 (2008); *Sollami v. Eaton*, 201 Ill. 2d 1, 7 (2002). A product may be found to be unreasonably dangerous based on proof of any one of three conditions: a physical defect in the product itself, a defect in the product's design, or a failure of the manufacturer to warn of the danger or to instruct on the proper use of the product. *Mikolajczyk,* 231 Ill. 2d at 525; *Sollami*, 201 Ill. 2d at 7.

      Here, the complaint does not sufficiently allege that the injury complained of resulted from a condition of the product. Ms. Rose asserts that Vanity Fair's underwire Vassarette bras lacked sufficient flexibility and insulation for wear during exercise and that she developed breast cancer as a result. Plaintiff attempts to make the connection between her cancer and the bras by pointing to her surgical scar, which mirrors the shape of an underwire. Ms. Rose attached as an exhibit to her complaint email correspondence from her surgeon, Dr. Vincent Ansanelli. Although plaintiff suggests throughout her complaint that Dr. Ansanelli attributed her cancer to the underwire bras, the email exchange indicates the opposite. Plaintiff emailed Dr. Ansanelli asking the following question: "I am sending pictures of the underwires that are in the bras I use to wear when the problem began. The scar resembles the underewire that was in the bra. Hint: Is the underwire responsible?" Dr. Ansanelli responded, stating: "Regarding your wire bra, if it is causing irritation do not wear it. U [sic] should not be wearing anything that is causing irritation to your breasts, surgery or no surgery." A resemblance between the surgical scar and the underwire however does not support an inference that the bra caused her cancer, particularly where her physician did not confirm Ms. Rose's suspicion of a correlation. This Court finds that, without some factual basis to support an inference of causation, Ms. Rose's strict product liability allegation fails to state a claim.

3

*2. Breach of Warranty*

Plaintiff asserts breach of both an express warranty and an implied warranty of merchantability. Ms. Rose alleges that Vanity Fair breached the "Satisfaction Guarantee" printed on the label, which states that "If you are not completely satisfied with your Vassarette garment, return it for refund or replacement." However, plaintiff fails to allege that she sought refund or replacement of the garments. Thus, there can be no breach of that guarantee.

Implied warranty of merchantability requires plaintiff to plead that the bras were not "fit for the ordinary purposes for which such goods are used." *See* 810 ILCS 5/2-314; Ky. Rev. Stat. Ann. § 355.2-314. Both Illinois and Kentucky track the Uniform Commercial Code and thus both contain a requirement that the alleged breach of the warranty was the proximate cause of the injury. *See Comment 13*, 810 ILCS 5/2-314; Ky. Rev. Stat. Ann. § 355.2-314.

While Ms. Rose alleges in her complaint that the bras are "not of merchantable quality" and that they are "not fit for [their] intended purpose," she alleges no factual enhancement to those legal conclusions. None of the factual allegations even suggest that the bras did not perform as expected or were intended for use during vigorous physical exercise. Rather, Ms. Rose claims that simply wearing them during vigorous physical exercise caused her breast cancer. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

*3. Negligence and Negligent Failure to Warn*

In both Count III and IV, plaintiff's allegations sound in negligence, focusing on a failure to warn consumers. A product liability action asserting a claim based on negligence, such as negligent design, falls within the framework of common law negligence. *See Calles v. Scripto-*

4

*Tokai Corp.*, 224 Ill. 2d 247, 263 (2007) (citing *Flaugher v. Sears, Roebuck & Co.*, 61 Ill. App. 3d 671, 675, 378 N.E.2d 337, 18 Ill. Dec. 873 (1978)). Ordinary negligence requires the plaintiff to plead that defendant owed the plaintiff a duty, that defendant breached its duty proximately causing the injury and damages to the plaintiff. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990). To adequately plead negligent failure to warn, under Illinois law, Ms. Rose must allege that Vanity Fair "knew or should have known, in the exercise of ordinary care that the product was unreasonably dangerous and defendant failed to warn of its dangerous propensity." *Blue v. Environmental Engineering, Inc.*, 215 Ill. 2d 78, 96 (2005). "Kentucky law imposes a general duty on manufacturers and suppliers to warn of dangers known to them but not known to persons whose use of the product can reasonably be anticipated." *Watters v. TSR, Inc.*, 904 F.2d 378, 381 (6th Cir. 1990).

     Here, plaintiff alleges that: "The Defendant herein failed to warn the Plaintiff and other consumers of the potential failure of the design of the metal underwires of the Vassarette bra which cause serious, life-threatening injuries before and after offering the bra for sale." (Complaint, Dkt. No. 1-1 at ¶ 19). Plaintiff further alleges that "Defendant was negligent in such other and further ways as may be discovered." (Complaint, Dkt. No. 1-1 at ¶ 20). These allegations are the sort of conclusions that are inadequate for stating a claim upon which relief can be granted. Ms. Rose does not allege that the bras themselves or the underwire within them did not perform as intended. Nor does she allege in what way the bras were inherently dangerous. Her claim is that wearing these bras somehow caused her cancer and defendant was negligent in design and in failing to warn consumers, but she fails to provide any factual basis for a causal correlation between the bra and her cancer. The defect of which Ms. Rose complains, that the wires lacked sufficient insulation and flexibility for use during physical exercise, caused irritation to her left breast *after* her cancer surgery at the site of the surgery.

Therefore, these claims must also fail.

All of plaintiff's claims fail due to a lack of any factual support for a causal nexus between her injury (breast cancer) and defendant's product (Vassarette bras). Unless Ms. Rose can cure this deficiency in her pleading, i.e. show some factual basis for a causal connection between her cancer and the defendant's bras, amendment would be futile and the complaint should be dismissed with prejudice. *See Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007). At oral argument, Ms. Rose effectively stated that she is unable to provide a factual basis for a connection between her cancer and the bras since she argued that only she can make that connection. Without more, plaintiff's claim that Vanity Fair's bras caused her breast cancer remains speculative.

**Conclusion**

This Court empathizes with Ms. Rose's quest to determine a reason for her unfortunate medical situation, however, even when this Court generously construes the allegations in the complaint, as it must for a pro se plaintiff, Ms. Rose's claims still fail to state a claim upon which relief can be granted. While much of the complaint consists of conclusions, the most crucial deficiency is the lack of any factual basis for a connection between the alleged conduct and her injury (cancer), without some basis for that correlation Ms. Rose's claims all must fail as based on speculation. Accordingly, Vanity Fair's Motion to Dismiss the Complaint is granted with prejudice.

IT IS SO ORDERED.

Date: April 23, 2013

Entered: *[signature]*

Sharon Johnson Coleman